**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

QUAN PHAM,

*Petitioner*,

v. No. 2:26-cv-01069-SMD-LF

WARDEN OF THE OTERO COUNTY PROCESSING CENTER, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Vietnam, entered the United States under refugee status on January 16, 1984, as a lawful permanent resident. On August 7, 2017, he was convicted in California for possession for sale of cocaine base, an aggravated felony. On August 1, 2018, he was ordered removed by an immigration judge; there is no appeal on record.[1] On June 20, 2025, Petitioner was detained during an immigration check-in. *See* Docs. 1; 5 at 2; 6; 6-2; 6-3.

The record shows that Petitioner was released under an order of supervision ("OOS") following the entry of the removal order. *See* Doc. 6-3. Petitioner states generally that he "remained under the order of supervision and reported to ICE as required" and that he "has

[1] Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 28, 2026, using Petitioner's A-number and nationality).

received no further criminal convictions and has remained fully [compliant] with his [s]upervision terms" ever since "Petitioner's last release from incarceration." Doc. 9 at 2-3.

On October 20, 2026, the Court ordered Respondents to file a supplemental report regarding their efforts to effectuate Petitioner's removal. Doc. 10. On October 27, 2026, Respondents timely filed their report. Doc. 11. In brief, Respondents state that: 1) Vietnam has not accepted Petitioner's return nor issued travel documents; 2) no flight has been scheduled; and that 3) they have the documents needed to confirm Petitioner's Vietnamese citizenship. *See id.*

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I. Respondents Fail to Show Compliance with Applicable Regulations

Respondents have failed to show that they complied with applicable regulations in revoking Petitioner's OOS. Section 241.13(i) sets forth two bases for revocation of an OOS: 1) "[v]iolation of conditions of release," and 2) "[r]evocation for removal." 8 C.F.R. § 241.13(i)(1)-(2). And according to § 241.13(i)(3), "[u]pon revocation, the alien will be notified of the reasons for revocation of his or her release." *Id.* § 241.13(i)(3). Petitioner states that he "remained under

the order of supervision and reported to ICE as required" and that he "has received no further criminal convictions and has remained fully [compliant] with his [s]upervision terms" ever since "Petitioner's last release from incarceration." Doc. 9 at 2-3.

Respondents assert no facts establishing either of the bases for revocation of Petitioner's OOS. Furthermore, § 241.13(i)(3) requires "an initial informal interview promptly after … return to [immigration] custody to afford the alien an opportunity to respond to the reasons for revocation stated in the notification." 8 C.F.R. § 241.13(i)(3). There is no indication in the record that Petitioner was afforded such an interview and opportunity to respond. *See Nguyen v. Bondi*, No. CIV-25-1402-D, 2025 WL 4667822, at *6 (W.D. Okla. Dec. 31, 2025), *report and recommendation adopted*, No. CIV-25-1402-D, 2026 WL 396548 (W.D. Okla. Feb. 12, 2026) (noting that there was no indication the informal interview had taken place and respondents had failed to show the required determination for revocation under § 241.13(i)(2) prior to re-detaining Petitioner, and finding "ICE is not permitted to hold [Petitioner] indefinitely while it waits for travel documents from Vietnam").

This failure alone is sufficient to grant the Petition. *See Nguyen*, 2026 WL 396548, at *5 (granting release); *Le Nguyen v. Bondi*, No. 2:25-cv-01198 KWR-JMR, 2026 WL 892491, at *6 (D.N.M. Mar. 31, 2026) ("Thus, the Court concludes that after being released under § 1231(a)(3) or (a)(6), Petitioner had a liberty interest in the procedures under § 241.4(l) and § 241.13(i), which set forth the procedures Respondents were required to follow in re-detaining him. Petitioner asserted in his Petition that Respondents did not follow those procedures, and Respondents failed to present evidence that they followed those procedures.").

Nonetheless, the Court will proceed to further evaluate Petitioner's present detention under 8 U.S.C. § 1231 as an alternative basis for relief.

II. Statutory Framework: 8 U.S.C. § 1231

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL

2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

III. Alternatively, Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable

Ordinarily, once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. Even if *arguendo* Respondents had complied with applicable regulations in revoking the OOS, the Court finds that Petitioner has met the initial burden of proof and Respondents have failed to rebut this showing. Petitioner's detention period exceeds the presumptively constitutional six-month limit. His order of removal became final on August 1, 2018; he was detained on June 20, 2025. Thus, as of the present date, he has been detained for over 16 months.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them." 264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights, leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have continuously detained him as of June 2025 after his order of removal became final, and has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See* Doc. 5. Respondents have not filed any notice setting forth the acquisition of necessary travel documents or the scheduling of concrete travel plans. Indeed, Respondents state that Vietnam has not

accepted Petitioner's return nor issued travel documents and no flight has been scheduled. Further, it appears that Respondents have not even confirmed Petitioner's Vietnamese citizenship during the present term of detainment. *See* Doc. 11.

Respondents do not set forth any additional basis for Petitioner's ongoing detention. Nor have Respondents set forth any facts establishing that Petitioner is responsible for the delay. Thus, Respondents have failed to rebut Petitioner's showing. *See Le Nguyen v. Bondi*, 2026 WL 892491, at *9-10 (noting that, after a year in custody, Vietnam had not issued travel documents and there was no indication they would do so, and concluding that "Respondents have not established that there is a significant likelihood of removal in the reasonably foreseeable future").

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Docs. 1, 5) is **GRANTED**;
2) Respondents **SHALL** release Petitioner within 48 hours, subject to the terms and conditions of his previous order of supervision;
3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his previous address;
4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent compliance with all applicable regulations, including 8 C.F.R. § 241.13, and with any change in circumstances showing that his removal is reasonably foreseeable supported by, for instance, communications from a foreign government agreeing to accept him, the procurement of travel documents, and a credible anticipated timeline for removal;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**